IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Judge Philip A. Brimmer**

Civil Action No. 17-cv-00085-PAB

GERALD STUARD CLAY,
GERALD PAUL CLAY, and
JEFFREY CLAY,

    Plaintiffs,

v.

MIDWEST FARMS, LLC,
RICHARD GENE LAMBERT, and
MALISSA HELOISE HILL,

    Defendants.

## ORDER TO SHOW CAUSE

This matter is before the Court on Plaintiffs' Response to Order to Show Cause [Docket No. 22].

Plaintiffs state that the "members of Midwest Farms, LLC are residents of Wisconsin, Florida, and Colorado. No members of Midwest Farms are residents of Utah or Alaska. (Exhibit 2 – Email from counsel for Defendants dated February 22, 2017)." Docket No. 22 at 2, ¶ 4. Plaintiffs also state that "Lambert is an individual residing in the State of Colorado," "Hill is an individual residing in the State of Louisiana," and the plaintiffs are individuals "residing" in Utah and Alaska. *Id*., ¶¶ 5-7. These statements, and the parallel allegations in the amended complaint [Docket No. 21], fail to establish that the Court has subject matter jurisdiction.

First, "[i]t is well established that allegations concerning the parties' residency do

not satisfy requirements for federal diversity jurisdiction. *Affordable Communities of MO v. EF & A Capital Corp.*, 2008 WL 4966731, at *3 (E.D. Mo. Nov. 19, 2008) (citations omitted). "Rather than allegations of each party's place of residence, there must be allegations of each party's place of citizenship." *Id.*; *see also* 28 U.S.C. § 1332(a)(1) ("citizens of different States").

Second, the information is insufficient because it does not provide the Court with the ability to assess the jurisdictional basis independently. *See United States v. Pinkard Constr. Co.*, No. 09-cv-00491-PAB-MJW, 2009 WL 2338116, at *3 (D. Colo. July 28, 2009). Plaintiffs' statements do not identify the members of Midwest Farms, LLC and do not identify the complete citizenship of those persons or entities. *See Carden v. Arkoma Associates*, 494 U.S. 185, 195 (1990) ("[W]e reject the contention that to determine, for diversity purposes, the citizenship of an artificial entity, the court may consult the citizenship of less than all of the entity's members."); *Siloam Springs Hotel, L.L.C. v. Century Sur. Co.*, 781 F.3d 1233, 1237-38 (10th Cir. 2015) ("[I]n determining the citizenship of an unincorporated association for purposes of diversity, federal courts must include all the entities' members."). Allegations that no party is a citizen of a particular state do not suffice, *see Affordable Communities of Mo.*, 2008 WL 4966731, at *2-3 (statement that none of the unidentified members of an LLC was a citizen of a particular state was insufficient to establish diversity of citizenship), nor do allegations based on information and belief. *Villanuevo v. Lowe's Home Centers, LLC*, No. 16-cv-02613-PAB-KLM, 2016 WL 7320393, at *2 (D. Colo. Dec. 16, 2016) (citing *Fifth Third Bank v. Flatrock 3, LLC*, 2010 WL 2998305, at *3 (D.N.J. July 21, 2010)).

As the Court stated in discussing plaintiff's prior response, "[p]laintiffs' response to the order to show cause fails to state the members of Midwest Farms, LLC at the time their complaint was filed and the citizenship of all those members." Docket No. 20 at 3. Any further failure by plaintiff to establish the Court has subject matter jurisdiction will result in dismissal for lack of jurisdiction. *Pinkard Const. Co.*, 2009 WL 2338116, at *3.

Accordingly it is

**ORDERED** that, on or before **March 29, 2017**, plaintiffs shall show cause why this case should not be dismissed due to the Court's lack of subject matter jurisdiction.

DATED March 15, 2017.

BY THE COURT:

s/Philip A. Brimmer
PHILIP A. BRIMMER
United States District Judge