IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 17-cv-00085-PAB-MEH

GERALD STUARD CLAY,
GERALD PAUL CLAY, and
JEFFREY CLAY,

    Plaintiffs,

v.

RICHARD GENE LAMBERT,
MALISSA HELOISE HILL, and
MIDWEST TRANSPORT, LLC,

    Defendants.

---

# ORDER

---

**Michael E. Hegarty, United States Magistrate Judge**.

    Defendants seek to quash a subpoena Plaintiffs served on Verizon Wireless—Defendants' cell phone carrier. The subpoena requests Defendants' phone records for the day before and the day of the accident underlying this case. According to Defendants, the subpoena is overbroad and seeks information over which they have a legitimate privacy interest. The Court quashes the subpoena to the extent it seeks the specific phone numbers to which Defendants made calls or sent messages and the substance of communications Defendants had while using their cell phones. However, Plaintiffs are entitled to information Verizon maintains about the cell towers Defendants' phones accessed. Accordingly, the Court modifies the subpoena so as to request only permissible information.

## BACKGROUND

    Plaintiffs filed the operative Amended Complaint against Defendants on February 24, 2017. ECF No. 21. Plaintiffs assert they were injured in an automobile collision on December 23, 2014.

*Id.* ¶¶ 14–16. According to Plaintiffs, at the time of the accident Defendants Richard Lambert and Malissa Hill were operating a semi-truck owned by Defendant Midwest Transport, LLC. *Id.* ¶ 10. The truck jack-knifed on the freeway and blocked all lanes of traffic. *Id.* ¶ 11. Plaintiffs, who were traveling behind Defendants, collided with the side of the truck. *Id.* ¶ 12.

Plaintiffs assert causes of action for negligence and recklessness against all Defendants and vicarious liability and negligence in hiring against Midwest Transport only. *Id.* ¶¶ 18–27. The Court issued a Scheduling Order on April 25, 2017, ECF No. 38, and the parties proceeded with discovery.

On August 3, 2017, Plaintiffs served a subpoena on Verizon Wireless seeking Defendants Lambert's and Hill's cell phone records from December 22, 2014 at 12:00 a.m. through December 23, 2014 at 12:00 p.m. Subpoena Duces Tecum 2, ECF No. 40-1. Defendants moved to quash the subpoena on August 17, 2017. Mot. to Quash Subpoena, ECF No. 40. Defendants argue the subpoena is overbroad and seeks irrelevant information over which they have a legitimate privacy interest. *Id.* at 2. Plaintiffs respond that the data indicating what cell towers Defendants' phones accessed will show Defendants' travel route leading up to the accident. Resp. to Mot. to Quash Subpoena 6, ECF No. 47. Plaintiffs intend to use this information to demonstrate that Defendants failed to take sufficient rest stops and were fatigued at the time of the accident. *Id.* at 7. Furthermore, Plaintiffs contend Lambert and Hill do not have a legitimate privacy interest in their location while driving for Midwest Transport. *Id.* at 8–9. Defendants filed their reply brief on September 21, 2017. Reply in Supp. of Mot. to Quash Subpoena, ECF No. 49. Defendants assert that although Plaintiffs may be entitled to the cell tower records, the subpoena is not narrowly tailored to request only this data. *Id.* at 3. Because the subpoena also seeks confidential and

irrelevant information, Defendants urge the Court to quash the subpoena in its entirety. *Id.* at 3–4. Furthermore, Defendants advise the Court that they served an identical subpoena on Verizon and will provide Plaintiffs with any relevant information Verizon produces in response. *Id.*

## **LEGAL STANDARDS**

**I.     Rule 26(b)(1)**

"[T]he scope of discovery under the federal rules is broad." *Gomez v. Martin Marietta Corp.*, 50 F.3d 1511, 1520 (10th Cir. 1995). Federal Rule of Civil Procedure 26(b)(1) permits discovery regarding any nonpriviliged matter that is relevant to a party's claim or defense and proportional to the needs of the case. Federal Rule of Evidence 401 defines relevant evidence as "evidence having any tendency to make the existence of any fact that is of consequence to the determination of the action more or less probable than it would be without the evidence." In considering whether the discovery is proportional to the needs of the case, Rule 26(b)(1) instructs courts to analyze "the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit." Fed. R. Civ. P. 26(b)(1). The party objecting to discovery must establish that the requested information does not fall under the scope of discovery as defined in Fed. R. Civ. P 26(b)(1). *Simpson v. University of Colo.*, 220 F.R.D. 354, 359 (D. Colo 2004).

**II.    Rule 45**

A subpoena served on a third party pursuant to Rule 45 of the Federal Rules of Civil Procedure is subject to the same standards that govern discovery between the parties—it must seek relevant information and be proportional to the needs of the case. *Segura v. Allstate Fire & Cas.*

3

*Ins. Co.*, No. 16-cv-00047-NYW, 2016 WL 8737864, at *5 (D. Colo. Oct. 11, 2016) (citing *Rice v. United States*, 164 F.R.D. 556, 556–57 (N.D. Okla. 1995)). Rule 45 requires courts to quash or modify a subpoena that "(i) fails to allow a reasonable time to comply, (ii) requires a person to comply beyond the geographical limits specified in Rule 45(c), (iii) requires disclosure of privileged or other protected matter, if no exception or waiver applies; or (iv) subjects a person to undue burden." Fed. R. Civ. P. 45(d)(3)(A). Additionally, a court may quash a subpoena if it requires disclosure of a trade secret or other confidential information. Fed. R. Civ. P. 45(d)(3)(B).

## ANALYSIS

In relevant part, Plaintiffs' subpoena requests:

Any and all records from 12:00 a.m. (MST) on December 22, 2014 through 12:00 p.m. (MST) on December 23, 2014, for the following cell phone numbers:

> 719-350-0805            719-350-0543

assigned to Richard Lambert, including, without limitation, a complete list of all incoming and outgoing calls and text messages along with the times of said calls and text messages.

Subpoena Duces Tecum 2, ECF No. 40-1. Defendants ask the Court to quash the subpoena, because it is overbroad, and it seeks information over which they have a privacy interest. Mot. to Quash Subpoena ¶¶ 8–9.

"Discovery in federal court is governed by the Federal Rules of Civil Procedure, regardless of whether jurisdiction is based on a federal question or diversity of citizenship." *Zander v. Craig Hosp.*, 267 F.R.D. 653, 658 (D. Colo. 2010). However, if a state doctrine regarding privacy and confidentiality does not conflict with federal interests, federal courts may apply it when determining whether information is discoverable. *See, e.g.*, *Gottlieb v. Wiles*, 143 F.R.D. 235, 237 (D. Colo. 1992).

4

Here, the parties agree that the Court should apply the privacy test the Colorado Supreme Court articulated in *In re District Court, City & Cty. of Denver*, 256 P.3d 687 (Colo. 2011). Mot. to Quash Subpoena ¶¶ 5–6; Resp. to Mot. to Quash Subpoena 5. Under this test:

> The party requesting the information must always first prove that the information requested is relevant to the subject of the action. Next, the party opposing the discovery request must show that it has a legitimate expectation that the requested materials or information is confidential and will not be disclosed. If the trial court determines that there is a legitimate expectation of privacy in the materials or information, the requesting party must prove either that disclosure is required to serve a compelling state interest or that there is a compelling need for the information. If the requesting party is successful in proving one of these two elements, it must then also show that the information is not available from other sources. Lastly, if the information is available from other sources, the requesting party must prove that it is using the least intrusive means to obtain the information.

*In re District Court*, 256 P.3d at 691–92. The Court will follow the decisions of many courts within this District and apply this test in determining whether the subpoena at issue seeks discoverable information. *See Gordon v. Rice*, No. 13-cv-00514-RBJ-MEH, 2014 WL 903205, at *6–7 (D. Colo. Mar. 7, 2014) (applying the test in determining whether tax records are discoverable); *Bennett v. SSC Palisade Operating Co., LLC*, No. 14-cv-00923-WJM-KLM, 2014 WL 3809768, at *2–3 (D. Colo. Aug. 1, 2014) (applying the test to discovery of personnel files).

The Court finds that the subpoena seeks discoverable and non-discoverable information. As such, the Court will modify the subpoena so that it requests only permissible information.[1] *See* Fed. R. Civ. P. 45(d)(3)(A) (permitting courts to modify a subpoena that requires disclosure of protected

---

[1] Defendants request that instead of modifying the subpoena, the Court quash the subpoena in its entirety and permit them to request the information from Verizon and disclose only what is relevant. Reply in Supp. of Mot. to Quash Subpoena ¶ 4, ECF No. 49. However, allowing Defendants to be the decisionmakers with regard to discoverable information would likely result in additional motions practice regarding Defendants' production of the subpoenaed information. The Court finds that the interests of the parties and the efficient resolution of this matter will be served by modifying the subpoena to request only permissible information.

matter or subjects a party to undue burden); *Tiberi v. CIGNA Ins. Co.*, 40 F.3d 110, 112 (5th Cir. 1994) ("[M]odification of an overbroad subpoena might be preferable to quashing . . . ."); *Clark v. Johnson*, No. 14-CV-582-JED-PJC, 2015 WL 4694045, at *3 (N.D. Okla. Aug. 6, 2015) (narrowing a subpoena to request only relevant information).

First, the parties agree, and the Court finds, that Plaintiffs may receive cell tower data from Verizon.[2] Reply in Supp. of Mot. to Quash Subpoena ¶ 4, ECF No. 49 ("Plaintiffs may be entitled to the cell phone tower data they claim is the only information they are seeking."); Resp. to Mot. to Quash Subpoena 7, ECF No. 47 (stating that Plaintiffs "are seeking information on which cell towers were accessed"). Data showing the cell towers that Defendants' phones accessed when they made calls and sent messages is relevant, because it will allow Plaintiffs to determine Defendants' trip itinerary leading up to the accident. *See* Resp. to Mot. to Quash Subpoena 6 ("Plaintiffs can then hire an expert to review the data and pinpoint, likely within a few miles, where Defendants Lambert and Hill were during the subject trip."). Plaintiffs can potentially use the itinerary to demonstrate that Defendants were fatigued, as they had been driving for significant time without rest.

Proceeding to the next step of the *In re District Court* analysis, Defendants do not have a legitimate expectation of privacy in the cell tower data. *See Rehberg v. Paulk*, 611 F.3d 828, 843 (11th Cir. 2010) ("[A] person does not have a legitimate expectation of privacy in numerical information he conveys to a telephone company in the ordinary course of business."); *see also Coleman v. Reed*, No. CIV-15-1014-M, 2016 WL 4523915, at *2 (W.D. Okla. Aug. 22, 2016)

---

[2] Defendants contend that "Plaintiffs' subpoena does not specifically ask for the cell phone tower data at all." Reply in Supp. of Mot. to Quash Subpoena ¶ 1. Although the subpoena does not specifically request cell tower data, it seeks "any and all records" Verizon has for Defendants' cell phone numbers. Subpoena Duces Tecum 2, ECF No. 40-1. The Court finds this request encompasses cell tower information.

(permitting disclosure of cell phone tower data in a truck accident case). Indeed, Defendants do not contend they have a privacy interest in their location. Accordingly, the Court finds the subpoena permissible to the extent it seeks records stating when and where Defendants' phones accessed cell phone towers from December 22, 2014, at 12:00 a.m. through December 23, 2014, at 12:00 p.m.[3]

However, the Court does not find discoverable records showing the specific phone numbers to which Defendants sent and received calls and messages. Plaintiffs only argument for the relevance of the requested information is that it will reveal Defendants' location. Resp. to Mot. to Quash Subpoena 6–8. However, the specific people Defendants communicated with will not demonstrate their location. Additionally, even if Plaintiffs established the relevance of the information, Defendants have a legitimate privacy interest in the cell phone numbers they contact. *See Gateway Logistics, Inc. v. Smay*, 302 P.3d 235, 240 (Colo. 2013) ("Individuals also have a personal privacy interest in the telephone numbers they dial."). Indeed, a reasonable person would not expect the numbers they dial on their personal cell phone to become public knowledge. Furthermore, because Plaintiffs will be able to receive Defendants' location from the cell tower data, Plaintiffs have not demonstrated a compelling need for the information. As such, the Court will modify the subpoena to exclude records listing the phone numbers to which Defendants made and received calls and messages.

Similarly, the substance of any communications Defendants had is not discoverable. As an initial matter, although the plain language of the subpoena certainly requests the content of communications, it appears as though Plaintiffs no longer seek this information. Indeed, Plaintiffs

---

[3] Because the Court finds that Defendants do not have a legitimate expectation of privacy over the cell tower data, the Court need not analyze the remaining three steps of the *In re District Court* analysis.

7

state in their response that "they are not seeking the content of the communications." Resp. to Mot. to Quash Subpoena 7. However, because Plaintiffs go on to argue that communications are regularly discoverable in accident cases, the Court will address this issue.

The test articulated in *In re District Court* does not favor requiring Verizon to produce the content of communications. Although some of the communications may contain relevant evidence regarding Defendants' location and who was driving, Defendants have a legitimate privacy interest in this information. *Gateway Logistics, Inc.*, 302 P.3d at 240 ("[I]ndividuals have a privacy interest in their electronically stored information, including personal correspondence and records, on their computers, smartphones, and other electronic storage devices."); *Clark*, 2015 WL 4694045, at *2 (stating that the cell phone carrier "shall not produce any information regarding the *substance* of any communication [the plaintiff] may have sent or received" leading up to the accident). Regarding the third step, Plaintiffs have not shown a compelling need for the content of the communications. Plaintiffs contend "it is likely that any communication that does get produced has a great probability of shedding light on the location of the drivers." Resp. to Mot. to Quash Subpoena 8. However, Plaintiffs will be able to obtain Defendants' location from the cell tower data and records showing when and where text messages were made.[4] Therefore, the Court will quash the subpoena to the extent it seeks the substance of any text messages or phone calls that Verizon may possess.

## **CONCLUSION**

In sum, the Court finds that Plaintiffs' subpoena is overbroad in that it unnecessarily seeks information over which Defendants have a legitimate expectation of privacy. Specifically, the Court

---

[4] Because the Court finds that Plaintiffs have not shown a substantial need for the content of the communications, the Court need not address the remaining two steps of the *In re District Court* analysis.

quashes the subpoena to the extent it requests the specific phone numbers Defendants dialed and the content of any text or phone conversations Defendants had leading up to the accident underlying this lawsuit.  However, records indicating when and where Defendants made communications and what cell towers their phones accessed are relevant to Plaintiffs' claims.  Furthermore, Defendants lack a legitimate expectation of privacy over this information.  Accordingly, Defendants' Motion to Quash Plaintiffs' Subpoena to Verizon Wireless [filed August 17, 2017; ECF No. 40] is **granted in part and denied in part**.

Entered and dated at Denver, Colorado, this 20th day of October, 2017.

BY THE COURT:

*Michael E. Hegarty*

Michael E. Hegarty
United States Magistrate Judge